# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
      )
    v.      )     I.D. Nos. 2006004121
      )           2003011608
BRIAN L. COVERDALE,      )
      )
    Defendant.      )

Submitted: April 10, 2023
Decided:  April 20, 2023

*Upon Defendant's Motion to Reconsider the Court's March 31 Summary Dismissals*
**DENIED.**

## ORDER

Brian L. Coverdale, *pro se*, Smyrna, DE.

Barzillai K. Axelrod, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

**WHARTON, J.**

This 18th day of April, 2023, upon consideration of Defendant Brian L. Coverdale's Motion to Reconsider the Court's March 31 Summary Dismissals,[1] and the record in this matter, it appears to the Court that:

1.     On July 15, 2021, Defendant Brian L. Coverdale ("Coverdale") pled guilty to charges from two separate cases - Manslaughter, Driving Under the Influence of Drugs, and Speeding from one case,[2] and Possession of a Firearm During the Commission of a Felony from the other.[3] On October 29, 2021, the Court imposed an aggregate unsuspended Level V sentence of 12 years followed by decreasing levels of supervision as well as fines for the Title 21 offenses.[4] Coverdale sought a sentence modification under Superior Court Criminal Rule 35, which the Court denied on January 7, 2022.[5] He did not appeal either his sentence or the denial of his sentence modification motion to the Delaware Supreme Court.

2.     On March 24, 2023, Coverdale filed a Motion for Postconviction Relief ("PCR Motion"), along with a Motion for Appointment of Counsel.[6] The PCR Motion alleged a single claim for relief of ineffective assistance of counsel.[7]

---

[1] D.I. 27 (ID No. 2006004121); D.I. (ID No. 2003011608).
[2] D.I. 15 (ID No. 2006004121).
[3] D.I. 11. (ID No. 2003011608).
[4] D.I. 19 (ID No. 2006004121) (All succeeding references are to ID NO. 2006004121).
[5] D.I. 20, 21.
[6] D.I. 22 (Mot. for Postconviction Relief); D.I. 23 (Mot. for Appointment of Counsel).
[7] D.I. 22.

Specifically, Coverdale alleged his counsel was ineffective for: (1) "failing to investigate relevant issues of intent that would have and did influence decision to plead guilty;" (2) providing "faulty legal advice that lead [sic] to pleading guilty to PFDCF in an unrelated case;" (3) entering faulty and prejudicial stipulation with prosecution that lead [sic] to higher minimum mandatory sentence as opposed to the alleged drug dealing;" and (4) "failure to timely file motion to modify sentence and make aware of other postconviction options after advising that he would make me aware."[8]

3.    The Court summarily dismissed the PCR Motion as time-barred.[9] The Court explained that it sentenced Coverdale on October 29, 2021, making his conviction final on that date and that his PCR Motion was filed on March 24, 2023, nearly 5 months too late.[10] The Court also denied his request for appointment of counsel.[11]

4.    This Motion to Reconsider asks the Court to revisit those decisions. Instead of addressing the reason the Court summarily dismissed his PCR Motion as untimely, the Motion to Reconsider only speaks to his counsel's alleged ineffectiveness.

---

[8] *Id.*
[9] *State v. Coverdale*, 2023 WL 2728777 (Del. Super. Ct. Mar. 31, 2023).
[10] *Id.* at *2.
[11] *Id.*

5. Superior Court Civil Rule 59(e), made applicable by Superior Court Criminal Rule 57(d), provides that reargument (or reconsideration) is appropriate only if, "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[12] A motion for reargument is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not previously raised.[13]

6. Coverdale's PCR Motion was summarily dismissed because it was untimely. His Motion for Appointment of Counsel was denied because the PCR Motion was summarily dismissed. Nothing in the Motion to Reconsider changes those facts.

**THEREFORE**, Defendant Brian L. Coverdale's Motion to Reconsider March 31 Summary Dismissals is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services

---

[12] Super. Ct. Civ. R. 56(e); *Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Del. Super. Ct. Jan. 3, 2013) (citing *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super Ct. Jan. 31, 2006)).

[13] *Strong*, 2013 WL 1228028, at *1 (citing *Kennedy*, 2006 WL 488590, at *1; also citing *Hennegan v. Cardiology Consultants, P.A.*, 2008 WL 4152678, at *1 (Del. Super. Ct. Sept. 9, 2009)).